IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY L. BROWN,

      Plaintiff,               No. CIV S-04-0055 LKK GGH P

      vs.

D.L. RUNNELS, et al.,

      Defendants.       <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel filed July 13, 2005.  Plaintiff challenges defendant's responses to his first request for production of documents and his first set of interrogatories.

      To put plaintiff's motion in context, the court will describe plaintiff's claims.  The only defendant is Correctional Officer Rose.  Plaintiff alleges that he filed a grievance against defendant Rose.  Plaintiff alleges that in retaliation, defendant Rose deprived him of two separate orders of typewriter ribbon for four months.

<u>Request for Production of Documents</u>

      Request no. 1 seeks, "All documents that contain, mention, construe, or refer to policies, directives, procedures or instructions governing the distribution of prisoner's quarterly

1

1    package and special purchase package (specifically the purchase of typewriter ribbons), at High

2    Desert State Prison (HDSP) between November 1, 2001 through May 1, 2002."

3              Defendant initially objected that this request was vague and ambiguous as the

4    meaning of "contain, mention, construe, or refer to."  Defendant also objected that the documents

5    sought were equally available to plaintiff in the prison law library.  In the motion to compel,

6    plaintiff states that he does not have access to these documents at the law library without a court

7    order because the law library will not copy these documents for him.  In the opposition,

8    defendant states that plaintiff is capable of obtaining the documents and defendant should not

9    have to do plaintiff's research.

10             Because defendant is able to represent that the documents sought are available to

11   plaintiff in the prison law library, the objection that the request is vague and ambiguous is

12   without merit.  Because the documents sought are available to plaintiff in the prison law library,

13   the motion to compel is denied as to this request.  That prison officials will not copy the

14   documents does not prevent plaintiff from discovering what the relevant regulations are and

15   providing this information to the court.

16             Request no. 2 seeks,  "All logs, lists, or other documentation reflecting Greg's

17   grievances, Log Nos. HDSP-C-01001653 and HDSP-D-02-00194."  Request no. 3 seeks, "All

18   logs, lists, or other documentation that contain, mention, construe, or refer to the grievances or

19   amended-complaint filed by Greg regarding this action with the exception of that requested at

20   number 2 of this request."  Request no. 4 seeks, "All documents that contain, mention, construe,

21   or refer to allegations made in Greg's amended-complaint and including responses to such

22   documents prepared by HDSP staff, whether from Greg or otherwise, between May 28, 2004 to

23   date of response."

24             Defendant objected to requests nos. 2, 3, and 4 on a variety of grounds including

25   that these documents were equally available to plaintiff in his C-file. In the motion to compel,

26   plaintiff argued that he did not know if the requested documents would be in his C-file and even

2

if they were, there was no guarantee that he would be able to make copies of them.

To the extent the documents sought are in plaintiff's C-file, the motion to compel is denied because plaintiff has access to his C-file. Plaintiff's concern that prison officials will not make copies of the documents is speculative. That prison officials will not copy the documents does not prevent plaintiff from reviewing the documents and describing their contents to the court. To the extent plaintiff is seeking documents not located in his C-file, the requests are denied as vague. Plaintiff must provide more information regarding the documents sought such as their possible location or title.

Request no. 5 seeks, "Any job description, directive, or other documents that set forth the duties of defendant Rose while employ [sic] at HDSP, including dates and job titles, between December 1, 2001 through May 31, 2002." In the opposition, defendant states that plaintiff will be provided with a copy of his job description or duty statement within two weeks. Accordingly, the court deems the motion to compel resolved as to this request.

Request no. 6 seeks, "All logs, lists or other documentation that evidence, contain, mention, construe or refer to Greg's order and receipt of two separate purchase [sic] of typewriter ribbons (Walkenhorst's invoice No. 38698 shipped on 12/26/01 and invoice no. 40746 shipped on 1/10/02) as set forth in the amended complaint."

Defendant objected to this request on several grounds. Without waiving objection, defendant produced various documents in response to this request. In the motion to compel, plaintiff objected that defendant produced copies of these documents rather than the originals. Plaintiff does not dispute the authenticity of these documents. Defendant satisfied this request by providing plaintiff with the copies of these documents. Accordingly, the motion to compel as to this request is denied.

Request no. 7 seeks, "All documents that contain, mention, construe or refer to any insurance agreement or arrangement according to which an insurance company or other person or entity will guaranty, act as a surety for, or otherwise bear any responsibility for

3

1   litigating this action, including but not limited to paying the defendant's attorneys' fee, cost or

2   out-of-pocket expenses, or as paying for any monetary or injunctive relief ordered as part of a

3   court or consent judgment."

4          Defendant objected that this request was overly broad, without reasonable

5   limitation in scope, and not relevant to the claims or defenses of any party to this action.

6   Defendant also objected on the grounds that, as phrased, it may call for production of documents

7   that are protected by the attorney-client privilege and attorney work-product rule.  The motion to

8   compel as to this request is denied as the information sought is not relevant to the claims or

9   defenses of any party.

10          Interrogatories

11          Interrogatory no. 1 states, "Identify yourself by our full name and badge number."

12   Defendant identified himself as "J. Rose" and provided plaintiff with his badge number.

13   Defendant refused to provide plaintiff with his full first name on grounds that it is confidential

14   information.  Defendant argues that given the environment he works in, he should not have to

15   provide this information.

16          Most prisoner case defendants are identified in court by their first and last name.

17   Defendant shall give plaintiff his first name.

18          Interrogatory no. 2 states, "Describe all positions and titles, with corresponding

19   dates, that you have held while employ [sic] at High Desert State Prison (HDSP) between

20   December 1, 2001 through May 2002."  Defendant responded to this interrogatory, "Defendant

21   was a Correctional Officer posted to Receiving and Release at High Desert State Prison during

22   the period in question."  In the motion to compel, plaintiff argues defendant's response does not

23   identify the exact position and title held by defendant.  The court finds that defendant's response

24   adequately responds to the interrogatory.  Accordingly, the motion to compel is denied as to this

25   request.

26   \\\\\

1        Interrogatory no. 3 states, "Describe your job responsibilities for each position and

2  title stated in Interrogatory no. 2."  Defendant responded, "Defendant was responsible for

3  processing inmates in and out of Receiving and Release and for issuing packages and personal

4  property to inmates in Facility D at High Desert State Prison."  In the motion to compel, plaintiff

5  argues that defendant's response is inadequate because interrogatory no. 3 was designed to work

6  in conjunction with interrogatory no. 2.  The court does not understand plaintiff's objection.

7  Because defendant's response adequately responds to this interrogatory, the motion to compel is

8  denied as to this request.

9        Accordingly, IT IS HEREBY ORDERED that plaintiff's July 13, 2005, motion to

10  compel is denied, except as to Interrogatory 1.

11  DATED: 10/13/05

12

13                /s/ Gregory G. Hollows

14                _____

                                GREGORY G. HOLLOWS

GGH:kj                  UNITED STATES MAGISTRATE JUDGE

15  br55.com

16

17

18

19

20

21

22

23

24

25

26